**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBER R. WILK,

    Plaintiff,

    v.

D. NEVEN, *et al.*,

    Defendants.

Case No. 2:15-cv-01429-JCM-CWH

**SCREENING ORDER**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has filed a complaint in state court, which Defendants have removed. It appears from the documents and the removal statement that removal to federal court was proper. The Court now screens Plaintiff's civil rights complaint (ECF No. 11)[1] pursuant to 28 U.S.C. § 1915A, Plaintiff's motion for appointment of counsel (ECF No. 6), and Plaintiff's motion for early mediation (ECF No. 15).

**I.   SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C.

---

[1] The Court will treat Plaintiff's most recently filed complaint (ECF No. 11) as the operative complaint for screening purposes.

§ 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that occurred while he was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 11 at 2). He sues Warden Neven, C. Leavitt, and John Does 1-3. (*Id*. at 2). He alleges one count and seeks injunctive and monetary relief. (*Id*. at 12-14).

Plaintiff alleges the following: On October 20, 2013, another inmate (# 1050390) made a threat towards Plaintiff of serious bodily harm and death. (*Id*. at 3). Plaintiff reported the threat and he was moved to administrative segregation for his safety. (*Id*.). On October 24, 2013, a full classification review hearing was held at which Plaintiff appeared. (*Id*. at 4). Caseworker Leavitt and two other prison officials told Plaintiff that the inmate who threatened him would be moved from the Unit 7/8 Quad and that Plaintiff could return to the Unit 7/8 Quad. (*Id*. at 5). Plaintiff returned to the Unit 7/8 Quad (Unit 8, Pod C) on October 26, 2013. (*Id*.). On November 5, 2013, Plaintiff was informed he had an "enemy" in Unit 8C and was being moved to Unit 8A, as required. (*Id*. at 6). Beginning in January 2014, Plaintiff began attending education classes to obtain his GED. (*Id*.). Inmates from every unit in the 7/8 Quad

are allowed to access the morning education sessions. (*Id*.). Inmates from each pod (i.e., Unit 7A/B has two "pods," 7A and 7B) are released into the open yard area where they wait for a movement officer to escort them to the education building. (*Id*. at 6-7). On the morning of February 11, 2014, Plaintiff was released from Unit 8A/B, and together with other inmates from the 7/8 Quad, he was awaiting the movement officer. (*Id*. at 7). While he was waiting, he was assaulted by an inmate (# 1050390), who used stones, gravel, and his fists to inflict bodily harm on Plaintiff. (*Id*.). Plaintiff alleges that this inmate was not authorized to be outside his cell (7A-23) on the morning of February 11, 2014. (*Id*.). Plaintiff suffered a broken nose and severe mental and emotional harm as a result of this attack. (*Id*. at 7-8). Plaintiff alleges that after the attack, he was housed in administrative segregation for 52 days, where he did not receive quick access to medical staff and "needlessly" suffered incredible pain. (*Id*. at 8). He also alleges that defendant Neven and Leavitt used various illicit tactics to persuade to give up the grievance process. (*Id*. at 13).

### A.    Eighth Amendment: Deliberate Indifference to Unsafe Prison Conditions

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832.

To establish violations of these duties, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id*. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id*. at 837. Prison officials may not escape liability because they cannot, or did not,

4

identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *Id*. at 843.

The Court finds that Plaintiff has not alleged a colorable Eighth Amendment claim. While Plaintiff alleges that "defendants" did not properly isolate or move the inmate who made the threat against Plaintiff and that the defendants were aware of the threat, Plaintiff does not allege *which* defendants, *by name*, failed to act or took action that resulted in this constitutional violation. Plaintiff only alleges in the conclusory fashion that "defendants" violated his constitutional rights. Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). Without the allegations to support personal participation, Plaintiff cannot state a colorable claim. Plaintiff's Eighth Amendment claim is dismissed without prejudice, with leave to amend. Upon amendment, the Court directs Plaintiff to follow the directions in the form complaint and "[s]tate the facts clearly, in your own words, and without citing legal authority or argument . . . describe exactly what *each defendant (by name)* did to violate your rights." Upon amendment, Plaintiff should describe each defendants' involvement with Eighth Amendment claim.

**B.     Fourteenth Amendment: Access to the Courts/Grievance Procedure**

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered "actual injury." *Id*. at 349. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id*. at 353. "The right of meaningful access to the courts extends to established prison grievance procedures." *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001).

Plaintiff alleges that defendants have violated his Fourteenth Amendment rights by "creating obstacles" in using the NDOC grievance process; specifically that defendants Neven and Leavitt used tactics to persuade Plaintiff to "give up" the grievance process. (*Id*. at 13). To pursue a claim that prison officials interfered with or prevented a grievance from being processed, an inmate must adequately allege that he suffered an actual injury to his right to

access the courts. *Lewis v. Casey*, 518 U.S. 343, 348 (1996). Asserting that a delay or injury occurred within the grievance process that did not affect the actual ability to bring the claim in court does not state a claim for relief.

To allege an injury that affected the right to access the courts, a plaintiff must (1) adequately describe the claim that was hindered and (2) allege facts that show it was actually hindered. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The right of access to courts is limited and applies only to direct appeals from convictions for which inmates are incarcerated, habeas petitions, and civil rights actions regarding prison conditions. *Lewis*, 518 U.S. at 354.

Plaintiff's Fourteenth Amendment claim is dismissed without prejudice, with leave to amend. Plaintiff has failed to allege any injury that was caused by the alleged interference with the grievance process. Without such allegations, Plaintiff cannot state a colorable Fourteenth Amendment claim.

### C.     Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff shall file the amended complaint within **30 days** from date of entry of this order. If Plaintiff chooses not to file an amended complaint, the Court

shall dismiss the action without prejudice.

## III.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel. (ECF No. 6). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's complaint (ECF No. 11) is **dismissed without prejudice**, with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 6) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an early mediation conference (ECF No. 15) is **denied**. The Court will order mediation at the appropriate stage in the screening process.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within **thirty (30)** days from the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, a copy of his original complaint (ECF No. 11). If Plaintiff chooses to file an amended complaint, he must use the

approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action shall be dismissed without prejudice.

DATED: January 20, 2016

_____
United States Magistrate Judge