**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROBERT WILK,

        Plaintiff,

   v.

DWIGHT NEVEN, et al,

        Defendants.

Case No. 2:15-cv-01429-JCM-CWH

**ORDER**

Presently before the Court is pro se Plaintiff's motion for sanctions (ECF No. 55), filed on April 25, 2017. Defendants filed a response (ECF No. 60) on April 28, 2017, and Plaintiff filed a reply (ECF No. 63) on May 2, 2017.

Plaintiff moves the Court to sanction Defendants for (1) withholding discovery documents, (2) impeding the discovery process, and (3) not providing responses to Plaintiff's discovery requests directly from Defendants. Sanctions for misconduct are available under Federal Rule of Civil Procedure 11, but before a motion for sanctions can be filed with the court, the moving party must serve the motion on the opposing party and give that party an opportunity to withdraw or correct the alleged misconduct. The moving party must wait 21 days after serving the motion for sanctions on the moving party before filing the motion with the court. Federal Rule of Civil Procedure 11(c)(2). This so-called safe harbor provision is "enforced strictly." *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005). *See also Radcliffe v. Rainbow Const. Co.,* 254 F.3d 772, 788–89 (9th Cir.2001). There is no indication that Plaintiff has complied with this requirement.

The Court notes that Plaintiff is proceeding pro se in this matter. As a general matter, courts broadly construe pleadings filed by *pro se* litigants and give such plaintiffs "the benefit of any doubt." *E.g. Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (citation omitted). Nevertheless, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *E.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364

1

(9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds). The Court finds that it must therefore require Plaintiff to comply with the safe harbor provision of Rule 11(c) noted above before filing a motion for sanctions. The current motion for sanctions will be denied without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's motion for sanctions (ECF No. 55) is DENIED without prejudice.

DATED: May 19, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge