UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT WILK,<br><br>　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>DWIGHT NEVEN, et al.,<br><br>　　　　　　　Defendant(s). | Case No. 2:15-CV-1429 JCM (CWH)<br><br>ORDER |

Presently before the court is the matter of *Wilk v. Neven et al.*, case number 2:15-cv-01429-JCM-CWH.  On November 14, 2017, the court granted summary judgment in favor of defendants Dwight Neven, Cary Leavitt, and Jennifer Nash.  (ECF No. 87).  Plaintiff Robert Wilk timely appealed.  (ECF No. 89).

In a published opinion, the Ninth Circuit reversed this court's decision.  (ECF Nos. 96 (opinion); 98 (order denying rehearing *en banc*)).  First, the Ninth Circuit held that a reasonable juror could find that all three defendants were subjectively aware of the substantial risk of serious harm to Wilk.  (ECF No. 96 at 10–12).  The court then held that "[a]ny reasonable prison official in the defendants' position would know that the actions defendants took, and failed to take, violated the Eighth Amendment." *Id.* at 13.  Finally, the court determined that the facts of Wilk's case "are

. . .

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

'materially similar' to previous cases." *Id.* at 14. The Ninth Circuit also provided as follows:

> We note that throughout proceedings in the district court, while he was still incarcerated, Wilk struggled to obtain discovery from defendants, who resisted turning over crucial documents such as his institutional file and their records of housing classification meetings. On remand, Wilk should have another opportunity to seek the materials he requested previously, which have the potential to identify or exclude the defendants. To assist with this process, we encourage the district court to appoint him counsel. *See Jones v. Blanas*, 393 F.3d 918, 936–37 (9th Cir. 2004).

*Id.* at 14.

Accordingly, the court vacates its order (ECF No. 87) and denies defendants' motion for summary judgment, consistent with the Ninth Circuit's opinion (ECF No. 96). Pursuant to the Ninth Circuit's instructions, the court hereby refers this case to the pro bono program adopted in General Order 2019-07 for the purpose of identifying counsel willing to be appointed as pro bono counsel for Clark. The scope of the appointment will be for the sole purpose of representing and assisting Wilk with discovery in this case.

In light of the Ninth Circuit's instruction to appoint counsel to assist Wilk with discovery, a new scheduling order is necessary. The court notes that Magistrate Judge Hoffman has retired. Thus, this case must be assigned to a new magistrate judge.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the court's order (ECF No. 87) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (ECF No. 77) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this case is referred to the pro bono program for appointment for the purpose of assisting Wilk with discovery.

The clerk of court is directed to forward this order to the pro bono liaison and assign this case to a new magistrate judge.

DATED July 24, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**